# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JIMMIE CAIN, CAROLYN SAVAGE, and CAROLYN E. CAIN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT a/k/a DEUTSCHE BANK AG a/k/a DEUTSCHE BANK USA a/k/a DEUTSCHE BANK NA; et al.<br><br>        Defendants. | No. 12 C 10194<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jimmie Cain, Carolyn Savage, and Carolyn E. Cain, on behalf of themselves and all others similarly situated, have brought this action for trespass, trespass to chattels, conversion, and violations of the Illinois Consumer Fraud Act ("ICFA"), and the Chicago Residential Landlord Tenant Ordinance ("RLTO"). Currently before the Court is Plaintiffs' motion to remand the case back to state court. For the following reasons, that motion is granted.

## BACKGROUND

In October 2004, Plaintiffs became tenants at 358 N. Hamlin, First Floor, in Chicago, Illinois. In late May 2008, a foreclosure complaint was filed against the owners of the property. The foreclosure was completed a year later, and in October 2009, an eviction complaint was filed against Plaintiffs for possession of the property. The court entered an order of possession in

favor of Deutsche Bank, N.A., now one of the defendants in the instant case, but Plaintiffs continued to live on the property. In August 2010, they were allegedly evicted.

Plaintiffs then brought this action on behalf of themselves and four putative classes. The seven class counts of the complaint allege, *inter alia*, violations of the ICFA and the RLTO, and essentially challenge the procedure by which the plaintiffs were evicted. The complaint also contains four individual counts for trespass, trespass to chattels, conversion, and another violation of the RLTO, all arising from the allegedly wrongful eviction.

In December 2012, Defendants removed this action from the Circuit Court of Cook County to Federal District Court. Plaintiffs now move to remand the case back to state court. Because subject matter jurisdiction in this Court is barred by the *Rooker-Feldman* doctrine, Plaintiff's motion to remand is granted.

## DISCUSSION

A federal court may remove to its jurisdiction a civil suit filed in state court so long as the district court has original jurisdiction. 28 U.S.C. § 1441. The removal statute is to be interpreted narrowly, and any doubt regarding jurisdiction should be resolved in favor of the states. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

"[T]he *Rooker-Feldman* doctrine precludes lower federal court jurisdiction over claims seeking review of state court judgments." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). At its core, *Rooker-Feldman* requires a party seeking review of a state court judgment, or presenting a claim that a state judicial proceeding has violated their constitutional rights, to pursue relief through the state court system

and ultimately to the United States Supreme Court. *Long v. Shorebank Development Corp.*, 182 F.3d 548, 544 (7th Cir. 1999).

Broadly speaking, *Rooker-Feldman* applies in two instances. The less complicated of the two is where a claim is brought in federal court which directly seeks to set aside a state court judgment; such claims are barred without further inquiry.

More complicated is where the district court is "in essence" being called upon to review a state court decision. *See Feldman*, 460 U.S. at 483-84 n. 16. In such cases, the claim at issue is found to be "inextricably intertwined" with the state court judgment, and lower federal court review is barred, just as if the claim had sought direct review of a state court judgment. Accordingly, even claims that a plaintiff failed to bring in state court, where they are subsequently found to be inextricably intertwined with the state court judgment handed down on the claim that *was* brought, may be barred from federal review.

In an effort to protect against a potential injustice occurring under such circumstances, the court makes one additional inquiry. The court must determine whether the plaintiff had a "reasonable opportunity" to raise the issue in state court proceedings. *Long*, 182 F.3d at 558 (citing *Wood v. Orange County*, 715 F.2d 1543, 1547 (11th Cir. 1983)). "Where the plaintiff has had no such opportunity, he cannot fairly be said to have 'failed' to raise the issue.'" *Id*. Thus, although the claim the plaintiff wishes to bring in federal court may appear to essentially call upon the court to review a state court decision, the plaintiff is saved from dismissal, and federal jurisdiction is retained, where the plaintiff had no reasonable opportunity to bring the claim in state court. *See id*.

As will be discussed in greater detail below, this case offers a somewhat unusual application of *Rooker-Feldman*, at least relative to almost all of the cases cited by the parties. In

the cases cited by both Plaintiffs and Defendants, *Rooker-Feldman* generally operates as an obstacle to plaintiffs seeking an audience in federal in court. *See, e.g., Brown v. Bowman*, 668 F.3d 437 (7th Cir. 2012); *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286 (7th Cit. 2007); *Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529 (7th Cir. 2004); *Brokaw v. Weaver*, 305 F.3d 660 (7th Cir. 2002); *Long*, 182 F.3d at 548; *Nationscredit Home Equity Services Corp. v. City of Chicago*, 135 F.Supp.2d 905 (N.D.Ill. 2001); *but see Sheenan v. Mortgage Electronic, Registration Systems, Inc.*, 2011 WL 3501883 (D.N.J. August 10, 2011). It is the plaintiff in these cases who urges that the doctrine does not apply. Here, *Rooker-Feldman* serves the plaintiffs' ends, as they wish to be heard, not in federal court, but in state court. It is instead the Defendants who argue that the doctrine does not apply, lest it interfere with their removal of this action under 28 U.S.C. § 1441.

Defendants offer four reasons why *Rooker-Feldman* does not apply here. Each argument fails.

First, while tacitly conceding that Plaintiffs seek to set aside the state court eviction judgment, Defendants argue that the complaint does *not* seek to set aside the foreclosure judgment. *Rooker-Feldman*, Defendants assert, thus does not apply to the foreclosure judgment.

As Plaintiff notes, however, the complaint does appear to reach foreclosure judgments:

> Class A consists of all persons in the State of Illinois who were defendants in civil court proceedings, including *without limitation* eviction proceedings…Class B consists of all persons living in homes and/or buildings in the State of Illinois *subject to foreclosure proceedings*… (emphasis added).

Moreover, as described above, it is not necessary that a plaintiff directly seek to set aside a state court judgment in order for *Rooker-Feldman* to apply. Claims that are inextricably intertwined with a state court judgment, and thus seek its review, "in essence," are also *Rooker-*

4

*Feldman* barred. As discussed further below, I am persuaded that the claims in connection with the foreclosure are inextricably intertwined with the state court judgment.

Defendants next argue that Class Counts III-VII and Individual Counts I-IV are independent of the state court judgment, and thus are not inextricably intertwined with it. Determining whether a given claim is inextricably intertwined with a state court judgment "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Taylor v. Federal National Mortgage Association*, 374 F.3d 529, 533 (7th Cir. 2004).

Defendants cite to *Long* in support of the contention that an alleged injury is independent of a given state court judgment where the propriety of the state court judgment is not "directly at issue" with the claims raised by the alleged injury. *See Long*, 182 F.3d at 556. Defendants then argue that *Rooker-Feldman* does not apply to the claims raised in Counts III-VII and the Individual Counts because those claims do not directly challenge the propriety of the underlying eviction judgment.

But a closer reading of *Long* makes clear that whether a given claim is "directly at issue" with a prior state court judgment is not the operative inquiry. Indeed, in the paragraph following that cited by Defendants, the *Long* Court held that the plaintiff's due process claim, which also was not *directly* at issue with the state court judgment, *was* barred by *Rooker-Feldman*. *See id*. Rather, the operative inquiry for the *Long* Court was whether the injury underlying the claim at issue was complete prior to the entry of the state court judgment. *Id*. The violation of the FDCPA alleged by the plaintiff was complete prior to the entry of the state court judgment, and

5

thus would have occurred regardless of whether the state court judgment had come to pass. *See id*. The FDCPA claim was found not to be barred by *Rooker-Feldman*.

By contrast, the Court found that alleged due process violations that took place after entry of the state court judgment likely would not have occurred but for the state court judgment. *Id*; *id*. at 557. The due process claims were found barred by *Rooker-Feldman*.

Here, the injuries underlying Counts III-VII and the Individual Counts were not complete prior to the state court judgment, and they likely would not have occurred but for the state court judgment. The Counts challenge the procedure with which the plaintiffs were evicted, and the allegedly violative courses of action would not have been undertaken "absent the eviction order." *See id*. at 557; *see also Taylor*, 374 F.3d at 534. As such, I am persuaded that the claims are not independent of the state court judgment for purposes of *Rooker-Feldman*. To the contrary, they are inextricably intertwined with it, and *Rooker-Feldman* thus bars them from being heard in this Court.

Third, Defendants assert that Plaintiff did not have a reasonable opportunity to seek money damages in the state court proceedings. As noted above, a claim that would otherwise be barred by *Rooker-Feldman* as inextricably intertwined with a state court judgment is saved from dismissal where the federal court plaintiff had no reasonable opportunity to bring the claim at issue in state court.

Application of this carve-out under these circumstances, however, would not be appropriate. First, the effect of the carve-out is essentially to save from dismissal plaintiffs who wish to be in federal court when the interests of justice so require. That is, although a given plaintiff's claim could well be found to be inextricably intertwined with a state court judgment, it would hardly be fair to bar the plaintiff from federal court where there was not, in fact, any

reasonable opportunity for the plaintiff to have brought the claim in state court. "Where the plaintiff has had no such opportunity, he cannot fairly be said to have 'failed' to raise the issue." *Long*, 182 F.3d at 558 (citing *Wood*, 715 F.2d at 1547).

The principle thus serves as a shield for plaintiffs, protecting their right of access to the federal courts where more roughshod application of *Rooker-Feldman* would yield an unjust result.[1] Here, however, the plaintiffs are not seeking to avoid ouster from federal court – the plaintiffs, in fact, wish to remain in state court. It would be incongruous to permit this principle to instead be used as a sword by Defendants to *keep* Plaintiffs in federal court when they do not wish to be there.[2] *See Allied-Signal*, 985 F.2d at 911 (noting the presumption that a plaintiff may choose his or her forum).

Moreover, to the extent Plaintiff did not have an opportunity to raise these claims in the prior state court proceedings, it is only because the claims simply had not yet accrued. Once the claims were ripe for litigation, Plaintiff brought the claims in state court, and the only impediment that now appears to lie between Plaintiff and state court is Defendants' removal of the action. Again, under such circumstances, application of the reasonable opportunity carve-out would not be appropriate. The inquiry "focuses not on ripeness, but on difficulties caused by

---

[1] This limitation on the applicability of *Rooker-Feldman* was first set forth in *Wood*:

> [I]nterpreting *Rooker* to preclude a federal district court from considering an issue that the plaintiff had no reasonable opportunity to raise in state court might pose due process problems. Such a harsh rule might deprive the plaintiff from any forum, state or federal, where he has a reasonable opportunity to present his federal constitutional claims, a result arguably contrary to the requirements of due process.

*Wood*, 715 F.2d at 1547.

[2] I note that *Sheenan*, a New Jersey case and the only precedent cited in the briefing in which a plaintiff sought to invoke *Rooker-Feldman* rather than to avoid it, did not consider the reasonable opportunity inquiry. *See Sheenan*, 2011 WL 3501883. The Court simply found that the claims at issue were not inextricably intertwined with the relevant state court judgment, and *Rooker-Feldman* therefore did not apply. *Id*. at 3-4.

7

factors independent of the actions of the opposing parties that precluded a plaintiff from bringing federal claims in state court, such as state court rules or procedures." *Taylor*, 374 F.3d at 534-35.

Finally, Defendants assert that the classes in connection with Counts I, II and VII are not limited to "state court losers." Because one of *Rooker-Feldman*'s threshold requirements is that the federal plaintiff was a "state court loser," Defendants argue, those counts, at least, cannot be remanded.

These classes, however, have not yet been certified. And as Plaintiff notes, the Supreme Court has taken it as all but a given that a non-named class member is not a party to the litigation prior to the class being certified. *See Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1349 (2013); *Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2379 (2011). It is difficult to see how this Court's subject-matter jurisdiction over the action could be founded upon the claims of non-parties. *Accord Gibson v. Chrysler Corp.*, 261 F.3d 927, 938 (9th Cir. 2001) (noting that no reported decision has held to the contrary). The relevant claimants, the actual parties to the case, did indeed lose in the state court proceedings. That is the operative inquiry for *Rooker-Feldman* purposes, and Defendants' fourth argument also fails.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is granted.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: June 11, 2013